█ HENRY KRAMER, JR., Individually and as Executor of HENRY L. C. KRAMER and Another, Deceased, et al., Appellants-Respondents, v ERNEST J. BELFI et al., Respondents-Appellants. — In an action to recover damages for legal malpractice and breach of contract, (1) plaintiffs appeal from so much of two orders of the Supreme Court, Nassau County (Roncallo, J.), dated December 12, 1983 and February 6, 1984, respectively, as denied their motion for (a) summary judgment on the third and fourth causes of action (which were asserted by the plaintiff executor), and (b) to dismiss defendants' first and second affirmative defenses, and (2) defendants cross-appeal from so much of the order dated February 6, 1984 as denied their cross motion (a) to dismiss the complaint as to certain plaintiffs and (b) for summary judgment in their favor on plaintiffs' first and second causes of action.

Appeal from the order dated December 12, 1983 dismissed. That order was superseded by the order dated February 6, 1984.

Order dated February 6, 1984 modified, on the law, (1) by deleting the provision denying plaintiffs' motion and substituting a provision granting the motion to the extent of awarding the plaintiff executor summary judgment on the third and fourth causes of action and dismissing defendants' first affirmative defense in its entirety and dismissing the second affirmative defense only insofar as it applies to the third and fourth

causes of action, and (2) deleting the provision denying defendants' cross motion and substituting a provision granting so much of the cross motion as sought (a) to dismiss the complaint as to certain plaintiffs, and (b) summary judgment in their favor on the first cause of action. As so modified, said order affirmed. The order dated December 12, 1983 is modified accordingly.

Plaintiffs are awarded one bill of costs.

Defendants failed to lay bare their proofs and presented no evidence to defeat the granting of summary judgment on the third and fourth causes of action. The claims raised therein are that defendant attorneys, negligently and in breach of a contract to render professional services, failed to advise plaintiff Henry Kramer, Jr., as executor of the deceased husband's estate, to renounce the trust created in the will of the deceased wife, which had severe tax consequences to the deceased husband's estate. Defendants' two affirmative defenses, which essentially are that the plaintiff executor failed to appeal the Internal Revenue Service tax assessment and that the action was untimely, are unavailing as to the third and fourth causes of action. The possibility that an appeal would have lessened the tax consequences to the deceased husband's estate, a speculation in no way elaborated upon by defendants, is not an answer to the plaintiff executor's claim that had he been properly advised, the assessment of the additional taxes would have been obviated entirely. As to these causes of action, defendants' affirmative defenses must be dismissed. These causes of action were asserted well within the three-year time limit for malpractice (CPLR 214), since defendants' representation was continuous until at least 1981 (see *Glamm v Allen,* 57 NY2d 87; *Greene v Greene,* 56 NY2d 86). Also, it is clear that "an action for failure to exercise due care in the performance of a contract insofar as it seeks recovery for damages to property or pecuniary interests recoverable in a contract action is governed by the six-year contract Statute of Limitations" (*Video Corp. v Flatto Assoc.,* 58 NY2d 1026, 1028; see, also, *Sears, Roebuck & Co. v Enco Assoc.,* 43 NY2d 389, 395-397; *Sinopoli v Cocozza,* 105 AD2d 743).

Defendants, who prepared the decedents' wills, are entitled to the dismissal of all causes of action brought by all plaintiffs, other than those commenced by plaintiff Henry Kramer, Jr., in his capacity as executor of the decedents' estates. Defendants were retained by the executor only and are not liable to the beneficiaries of the decedents' estates in the absence of fraud, collusion, or malice, none of which is alleged here (see *Harder v Arthur F. McGinn, Jr., P. C.,* 89 AD2d 732, 733, affd 58 NY2d 663; *Baer v Broder,* 86 AD2d 881). Additionally, defendants are

entitled to summary judgment as to all plaintiffs with respect to the first cause of action, which alleges negligence in the drafting of the decedents' wills. Those wills were executed in 1977 and the decedents died shortly thereafter, terminating the attorney-client relationship, so that the three-year Statute of Limitations had not been tolled by "continuous representation" (see *Glamm v Allen, supra*) and had expired long before the commencement of the instant action. The second cause of action, however, is based on contract, and summary judgment as against the plaintiff executor was properly denied with respect thereto. Issues of fact exist as to when defendants drafted the subject wills and when the wills were delivered to the decedents for execution.

The second affirmative defense as to this cause of action is still viable. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.