■ ANTOINETTE VISCARDI et al., Appellants, v JACK N. LERNER et al., Respondents.—In an action to recover damages for legal malpractice the plaintiffs appeal from an order of the Supreme Court, Westchester County (Ferraro, J.), entered May 3, 1985, which granted the defendants' motion for summary judgment dismissing the complaint and denied their cross motion for partial summary judgment.

Ordered that the order is affirmed, with costs.

The alleged malpractice in this case involves the drafting of the will of Joseph A. Ragone. In 1973 Ragone consulted the defendant law firm for the purpose of preparing a new will to replace his prior will executed in 1965. The 1965 will gave to Ragone's wife Josephine the minimum elective share she would be entitled to under New York law—$2,500 outright and one third of the rest of his estate in trust for her life, with the remainder upon her death to Ragone's brother, if then alive, otherwise to his sisters who were named as the residuary beneficiaries of the estate. Ragone's sisters are the plaintiffs in this case.

In January 1973 Ragone executed a new will which had been prepared by the defendants. Paragraph six of the 1973 will provided, in pertinent part: "I give and bequeath to my

wife, JOSEPHINE RAGONE, if she survives me, such part of my estate as my wife would have received had I died intestate". Since the wife was Ragone's sole distributee in intestacy, this provision gave her the entire estate. The will also contained another provision which named Ragone's sisters as beneficiaries of the residuary estate even though the gift of the entire estate to Ragone's wife precluded the existence of a residuary estate.

When Ragone died and the 1973 will was offered for probate, the plaintiffs filed objections claiming that Ragone's actual intention was simply to eliminate the former trust provision for his wife and give her the entire elective share outright. The Surrogate of New York County (Midonick, S.) construed the 1973 will to give Josephine her intestate share. The Surrogate concluded that Ragone's widow was his sole distributee and entitled to the entire estate (*Matter of Ragone,* 116 Misc 2d 993). On appeal, the Appellate Division, First Department, modified the decree of the Surrogate and found that Ragone intended to give his widow an intestate share of his estate computed as though his son by Ragone's first marriage (who was later adopted by his stepfather) was a distributee and the remainder of the estate should pass to the plaintiffs herein (*Matter of Ragone,* 87 AD2d 457). The Court of Appeals reversed the order of the Appellate Division and reinstated the decree of the Surrogate (*Matter of Ragone,* 58 NY2d 864).

In their legal malpractice action, the plaintiffs contend that if the 1973 will had been drawn as Ragone desired—granting Josephine an elective share—they would have inherited one half of the estate as residuary legatees instead of inheriting nothing. In support of their argument, the plaintiffs rely on certain handwritten instructions from Ragone to his lawyers concerning the changes he wanted incorporated into the 1973 will. The handwritten notes state as to paragraph six of the 1965 will (giving Josephine an elective share) "OMIT TRUST PROVISION-OUTRIGHT TO WIFE". The plaintiffs maintained that the defendants negligently failed to follow Ragone's instructions and contrary to Ragone's intention granted Josephine an intestate share rather than an elective share.

Special Term, in a detailed and well-reasoned decision, dismissed the complaint for failure to state a cause of action on the ground that there was no privity between the parties. We affirm.

The firmly established rule in New York State with respect to attorney malpractice is that absent fraud, collusion, mali-

cious acts or other special circumstances, an attorney is not liable to third parties not in privity for harm caused by professional negligence *(see, e.g., Rossi v Boehner,* 116 AD2d 636; *Kramer v Belfi,* 106 AD2d 615; *Calamari v Grace,* 98 AD2d 74, 80). While we recognize that the privity requirement has been relaxed in certain areas of professional negligence *(see, e.g., Credit Alliance Corp. v Arthur Andersen & Co.,* 65 NY2d 536; *White v Guarente,* 43 NY2d 356), the courts of this State have not departed from this requirement in legal malpractice cases *(Rossi v Boehner, supra,* citing *Calamari v Grace, supra).* Nevertheless, the plaintiffs urge this court to adopt the exception to the general rule carved out by the courts in a number of jurisdictions under which an attorney may be liable to an intended beneficiary who is harmed by the attorney's negligence in drafting a will *(e.g., Ogle v Fuiten,* 102 Ill 2d 356, 466 NE2d 224; *Aurie v Continental Cas. Co.,* 111 Wis 2d 507, 331 NW2d 325; *Licata v Spector,* 26 Conn Sup 378, 225 A2d 28; *Lucas v Hamm,* 56 Cal 2d 583, 364 P2d 685, *cert denied* 368 US 987). We decline to depart from the firmly established privity requirement in order to create a specific exception for an attorney's negligence in will drafting. Accordingly, we hold that dismissal of the complaint was proper on the basis of the lack of privity between the plaintiffs and the defendants who drafted the subject will. Lazer, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.