■ Estate of NETTIE L. SPIVEY, Deceased, et al., Appellants, v ARTHUR L. PULLEY, Respondent.—In an action to recover damages for legal malpractice and breach of contract, the plaintiffs appeal (1) from an order of the Supreme Court, Westchester County (Buell, J.), entered April 10, 1987, which granted the defendant's motion for summary judgment dismissing their complaint and denied their cross motion for summary judgment; and (2) from a judgment of the same court, dated July 14, 1987, entered thereon.

Ordered, that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the defendant is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39

NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (CPLR 5501 [a] [1]).

The facts, as derived from the parties' "stipulation of agreed facts", reveal that attorney Arthur L. Pulley, the defendant herein, was retained by the decedent Nettie L. Spivey in connection with the preparation and drafting of her last will and testament, under which the plaintiff Doris Solomon was designated sole residuary legatee. The record further discloses that the plaintiff Solomon and the defendant Pulley acted as subscribing witnesses under the will, which was executed in May 1980. According to the parties' stipulation, Solomon and Pulley "signed decedent's will in the presence of decedent and in the presence of each other". Moreover, "[t]he formalities of the execution and witnessing of the will were under the direction of the defendant".

In January 1985, Nettie L. Spivey died. In order to probate her will, however, it was necessary for the plaintiff Solomon to provide testimony in her capacity as a subscribing witness, thereby voiding her residuary bequest pursuant to EPTL 3-3.2. Notably, although the plaintiff Solomon is a relative of the decedent, she is not a distributee under New York law and therefore she received nothing once the residuary bequest failed.

Thereafter, the plaintiffs Solomon and the Estate of Nettie Spivey commenced suit against the defendant. By notice of motion dated January 5, 1987, the defendant moved for an order dismissing the complaint. The Supreme Court granted the motion. We affirm.

The well-established rule in New York with respect to attorney malpractice is that absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence (see, Viscardi v Lerner, 125 AD2d 662; Kramer v Belfi, 106 AD2d 615; see also, Ossining Union Free School Dist. v Anderson LaRocca Anderson, 135 AD2d 518; Michalic v Klat, 128 AD2d 505). Moreover, while the Court of Appeals in Credit Alliance Corp. v Andersen & Co. (65 NY2d 536) carved out a limited exception to the privity rule with respect to accountants, this court has repeatedly and recently declined to enlarge the application of this exception to professionals other than accountants (see, e.g., Ossining Union Free School Dist. v Anderson LaRocca Anderson, supra; Michalic v Klat, supra; Viscardi v Lerner, supra).

Indeed, our recent holding in *Viscardi v Lerner (supra)* is dispositive of the plaintiffs' contentions with respect to their ability to state a cause of action against the defendant. In *Viscardi*, as here, the designated beneficiaries of a will were allegedly harmed by virtue of an attorney's negligence in drafting the instrument. In holding that the plaintiffs could not recover against the attorney, this court pointedly observed that "[w]e decline to depart from the firmly established privity requirement in order to create a specific exception for an attorney's negligence in will drafting" *(Viscardi v Lerner, supra,* at 664). We perceive no reason to depart from our firmly and recently enunciated precedent in *Viscardi* so as to create an exception in this particular case.

Moreover, since the decedent's estate suffered no pecuniary loss by virtue of the alleged malpractice and since, in any event, there existed no privity between it and the defendant, we conclude, as did the Supreme Court, that the decedent's estate possesses no cause of action against the defendant in its own right.

We have reviewed the plaintiffs' remaining contentions and find them to be without merit. Mangano, J. P., Bracken, Kooper and Spatt, JJ., concur.