■ COUNCIL COMMERCE CORPORATION, Appellant, v SCHWARTZ, SACHS & KAMHI, P. C., et al., Respondents. (And a Third-Party Action.)—In an action to recover damages for legal malpractice, the plaintiff appeals, as limited by its brief,

from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Widlitz, J.), entered October 22, 1987, as, upon denying its cross motion for summary judgment and granting the defendants' cross motion for summary judgment, dismissed the complaint.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

The plaintiff entered into a loan agreement pursuant to which the plaintiff loaned $80,000 to the defendants' clients. The loan was secured by the assignment by the clients to the plaintiff of a leasehold interest. According to the terms of the commitment letter, the loan transaction had to be authorized by an order of the United States Bankruptcy Court for the Southern District of New York. The defendants undertook to obtain the requisite order, giving prior notice of the application to their clients' landlord. On December 1, 1983, the Bankruptcy Court order was issued. The plaintiff and its title insurer deemed it deficient in that, *inter alia,* it did not specifically grant to the plaintiff the right to place a leasehold mortgage against the subject leasehold. The plaintiff prepared a revised order, sending a copy thereof to the defendants, who had it signed by the Bankruptcy Court on December 15, 1983, upon the ex parte application of their clients. No prior notice of this second application was given to the clients' landlord. Thereafter, the loan transaction was consummated and a leasehold mortgage was recorded. However, its recordation violated the terms of the clients' lease because the landlord's prior written consent to this mortgage never had been obtained.

In March 1984 the defendants' clients requested an additional loan from the plaintiff. This second loan was to be secured by an additional leasehold mortgage. Among the documentation prepared by the plaintiff's counsel for this second loan was an opinion letter which was signed by the defendants and which contained, *inter alia,* representations to the effect that the consummation of this second transaction would not result in any breach or default of the terms of any agreement to which their clients were a party and did not require further consent or authorization from the clients' landlord. Upon the execution and delivery of the necessary documents, the second loan was closed. In connection therewith, the additional leasehold mortgage was recorded as well as a consolidation and extension agreement which consolidated the two leasehold mortgages into one mortgage securing the total sum of $149,637.05.

Subsequently, the clients' landlord objected to the filing of the leasehold mortgage, claiming a violation of its lease. The landlord sought to compel the parties to the loan transactions to remove the leasehold mortgage. The plaintiff entered into negotiations with the landlord and reached a settlement which resulted in a loss to the plaintiff of $40,000.

The plaintiff then brought the instant action against the defendants, alleging, *inter alia,* that the defendants failed to give proper notice to their clients' landlord when they obtained the December 15, 1983 order authorizing the placement of a leasehold mortgage, and failed to properly advise the plaintiff in the opinion letter executed in connection with the second loan. The plaintiff and the defendants both moved for summary judgment, and the Supreme Court granted the defendants summary judgment dismissing the complaint. We affirm.

In the area of legal malpractice, our courts have not extended liability in situations where the negligence caused injury to a third party with whom there was no privity, provided that the attorney is charged ·merely with simple negligence *(see, Calamari v Grace,* 98 AD2d 74). Although the privity requirement has been relaxed in certain areas of professional negligence *(see, e.g., Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536), the courts of this State have not departed from this requirement in the area of attorneys' negligence where "[t]he firmly established rule * * * is that absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties not in privity for harm caused by professional negligence" *(Viscardi v Lerner,* 125 AD2d 662, 663-664; *see, Estate of Spivey v Pulley,* 138 AD2d 563). Consequently, the defendants cannot be held liable to the plaintiff for their alleged negligent preparation and execution of the opinion letter. Such actions were performed in the course of representing their clients in the loan transactions. Likewise, the defendants cannot be held liable to the plaintiff for their failure to give the landlord prior notice of their clients' application for an order authorizing the placement by the plaintiff of a leasehold mortgage. The defendants did not gratuitously undertake to obtain such an order on the plaintiff's behalf *(cf., Schwartz v Greenfield, Stein & Weisinger,* 90 Misc 2d 882); rather, they did so on behalf of and in the course of representing their clients. Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.