■ ASSOCIATED FACTORS CORPORATION, Appellant, v PAUL M. O'NEILL DETECTIVE AGENCY, INC., et al., Defendants, and JOSEPH M. MEEHAN, Respondent.—In an action to recover money due on accounts purchased pursuant to a factoring contract, the plaintiff appeals from an order of the Supreme Court, Westchester County (Rubenfeld, J.), entered June 25, 1987, which, *inter alia*, granted the respondent's motion for summary judgment dismissing the complaint as against him.

Ordered that the order is affirmed, with costs.

The plaintiff, a factoring corporation, purchased the accounts which are the subject of this action from the defendant detective agency. When the plaintiff was unable to collect the full amount due on each account, it commenced this action against the agency, the agency's principals and the agency's attorney, Joseph Meehan. The complaint included a separate cause of action against Meehan sounding in negligence and fraud. In particular, the plaintiff alleged that Meehan had authored an opinion letter which falsely and negligently evaluated the collectibility of the accounts. The plaintiff allegedly relied on the opinion letter, which it had received subsequent to the purchase of the accounts, in refraining from the commencement of collection litigation.

The cause of action sounding in negligence was properly dismissed due to the absence of privity between the plaintiff and Meehan. The general rule is that absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence (see, e.g., *Estate of Spivey v Pulley*, 138 AD2d 563; *Viscardi v Lerner*, 125 AD2d 662; *National Westminster Bank v Weksel*, 124 AD2d 144, *lv denied* 70 NY2d 604; *Rossi v Boehner*, 116 AD2d 636; cf., *Credit Alliance Corp. v Andersen & Co.*, 65 NY2d 536, *mot to amend remittitur granted* 66 NY2d 812).

The cause of action for fraud was properly dismissed since the plaintiff failed to present sufficient evidence to support its

claim that Meehan knowingly made false statements concerning the accounts which resulted in injury to the plaintiff *(see, e.g., County of Westchester v Becket Assocs.,* 102 AD2d 34, 50, *affd* 66 NY2d 642). Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.