OPINION OF THE COURT
F. Warren Travers, J.
The defendant Robert W. Johnson, III, has moved to dismiss the complaint of the plaintiffs Ellen Ann Deeb, S.K. Deeb and Donna Marie Deeb as coexecutors of the estate of Theodore V. Deeb, pursuant to CPLR 3211 (a) (7), on the grounds that the complaint fails to state a cause of action.
The facts are not seriously disputed. The defendant attorney drafted a will intending to implement a marital deduction provision. This particular clause of the will failed. As a result, the decedent’s estate was liable for estate taxes totaling *943 approximately $59,600. The sole basis of this tax liability was the defective will provision.
The plaintiffs, in their fiduciary capacities, are suing the defendant for the drafting error.
In order for the plaintiffs’ complaint to withstand the motion to dismiss, privity must exist among the plaintiffs and defendant. The New York rule with respect to attorney malpractice is hard and fast: absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence (Estate of Spivey v Pulley, 138 AD2d 563 [2d Dept 1988]; Harder v McGinn, 89 AD2d 732 [3d Dept 1982]).
The plaintiffs attempt to distinguish the present case by asserting that the suit is being brought by the executors of the will and not by the beneficiaries. Therefore, they conclude that they should not be precluded as a matter of law as would be the beneficiaries where they bring the lawsuit. The plaintiffs argue, as executors, that they are enforcing a cause of action that existed prior to the decedent’s death, i.e., since the decedent had a cause of action against the defendant, while he was alive (although unknown to him), the estate is now simply suing on his behalf pursuant to EPTL 11-3.1, 11-3.2. It should be noted that the will was drawn within three years of the commencement of this action.
If, however, the court were to adopt the reasoning offered by the plaintiffs, the decision would effectively cut against the entire progeny of case law which denies privity between third parties and attorneys in estate malpractice cases. Allowing executors this privilege would create a means for every beneficiary to sue the drafting attorney as they could simply ask the executors to sue in his or her place.
Plaintiffs also attempt to show that privity does, in fact, exist between the executors and the defendant. In support of this position, the plaintiffs rely upon Kramer v Belfi (106 AD2d 615 [2d Dept 1984]). That case, however, did not sustain a cause of action involving negligence in the drafting of the will by the defendant. Instead, it allowed a cause of action between the executor and the defendant attorney who was advising the executor in the administration cf the estate after the decedent’s death. The negligence involved in that case was the attorney’s advice or lack thereof in the administration of the estate after the decedent died. It was the estate, via the executor, who requested legal advice on estate administration. *944 This is separate and apart from any negligence in the drafting of the will. The fact that the same attorneys handled both facets of the situation is irrelevant. This distinction is enough to set that case apart from the present case. The negligence asserted in the present case is not in the administration of the estate but in the drafting of the will.
There is no doubt the beneficiaries in this case suffered financial damages and the court is sympathetic to the beneficiaries’ plight. Absent the strong judicial precedent, the court would sustain the complaint. This Justice would recommend abolishing the doctrine of privity and attempt to administer a more circumstantial approach as in Biakanja v Irving (49 Cal 2d 647, 320 P2d 16 [1958]). That type of change, however, will require either appellate or legislative intervention.
The motion to dismiss the complaint for failure to state a cause of action is granted, without costs or sanctions.