OPINION OF THE COURT
F. Warren Travers, J.
Petitioners move to reargue a prior decision which granted the defendant’s motion to dismiss for failure to state a cause of action. Petitioners assert that the court misinterpreted controlling case law. The court’s prior decision is reported at 145 Mise 2d 942.
In the prior action, the plaintiffs sued the defendant attorney who was hired to draft a will which would implement a marital deduction provision. This particular clause of the will failed. As a result, the decedent’s estate was liable for estate taxes totaling approximately $59,600. The sole basis of this tax liability was the will provision.
*859 The plaintiffs, in their fiduciary capacities, are suing the defendant for the drafting error.
The crux of the plaintiffs’ motion is based on the fact that a cause of action used in the instant action was sustained in a prior case, Kramer v Belfi (106 AD2d 615).
In their motion to reargue, the plaintiffs submit a copy of the complaint which was used in Kramer v Belfi (supra). That complaint under the heading second cause of action alleges that the "[defendants breached their employment contract with the decedents by preparing * * * a will for the decedent wife which failed to conform to the specifications of the employment as set forth.” The Appellate Division, in its decision, allowed that breach of contract cause of action to stand. (Supra, at 616.)
However, the decision allowing the plaintiff to sue was based on an entirely different premise. The Appellate Division determined that the defendant attorney failed to advise the executor of the estate and therefore allowed the cause of action between the estate and the defendant attorney to stand. It is this premise which was followed by this court in the prior decision. This court will not attempt to reconcile what appears to be an inconsistency in the Kramer decision (supra). It does appear that a factual issue concerning the Statute of Limitations may have existed concerning the second cause of action. That may be the reason that particular cause of action was not dismissed. Even if a claim for breach of contract were allowed, what would be the damages? The nominal cost of preparing the wills?
The case law concerning privity between third parties and attorneys not in privity, for harm caused by professional negligence, is clear. No privity exists (Estate of Spivey v Pulley, 138 AD2d 563 [2d Dept 1988]). The law created in Kramer (supra) allowed the decedent’s estate to sue the defendant attorney due to the fact that the defendant attorney failed to advise the administrator of the estate in the proper conduct for tax planning. There is no language in the decision supporting privity between the drafter of the will and the administrator of the estate. To allow this would cut against the entire prodigy of New York case law involving privity. The plaintiffs’ theory is an end run around the New York law. Surely the Appellate Division did not intend to change an entire line of case law without giving the subject area a thorough discussion.
*860 It is this court’s opinion that it did not misinterpret existing case law. The motion to reargue is denied, without costs.
All papers are returned to defendant’s attorney for submission of an order upon the original motion dismissing the action and upon this motion dismissing the motion for reargument without notice.