JOSEPH STERN, Respondent, v CONSUMER EQUITIES ASSOCIATES et al., Defendants, and HOWARD FINGER, Appellant.—In an action to recover damages, inter alia, for legal malpractice and fraud, the defendant Howard Finger appeals from an order of the Supreme Court, Nassau County (Becker, J.), dated February 1, 1989, which, inter alia, granted the plaintiff's motion to amend the complaint to add a cause of action to recover damages for fraud against Howard Finger and denied the defendant Finger's cross motion to dismiss the complaint insofar as it is asserted against him.

Ordered that the order is affirmed, with costs.

The defendant Finger contends that the plaintiff's motion to amend the complaint to add a cause of action to recover damages for fraud should have been denied because the plaintiff failed to plead fraud with the requisite specificity, and because the proposed fraud claim failed to allege any fraud committed upon the plaintiff. Pursuant to CPLR 3016 (b), the misconduct complained of must be set forth in sufficient detail to clearly inform a defendant with respect to the incidents complained of *(Lanzi v Brooks,* 43 NY2d 778, 780). Also, under CPLR 3013, "[a] complaint being attacked for insufficiency is deemed to allege whatever can be implied from its statements by a fair and reasonable interpretation. The test is whether the pleadings give adequate notice to the court and the adverse party of the transactions or occurrences intended to be proved" *(Two Clinton Sq. Corp. v Friedler,* 91 AD2d 1193, 1194). Here, the complaint identifies the parties, transactions and dates, as well as the requisite elements of fraud, i.e., misrepresentation, scienter, reliance and damages. By pleading these factual allegations the plaintiff has adequately pleaded fraud and has plainly apprised the defendant Finger of it.

In New York "[t]he general rule is that absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" *(Associated Factors Corp. v O'Neill Detective Agency,* 146 AD2d 728, 729; *Estate of Spivey v Pulley,* 138 AD2d 563, 564; *cf., Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, *mot to amend remittitur granted* 66 NY2d 812; *see generally,* Cooper, *Accountants' Liability: Privity Rule Is Necessary in Today's Marketplace,* NYLJ, Apr. 9, 1990, at 1, col 1). Here, however, since fraud and conspiracy to commit fraud have been alleged, privity is not required to sustain the action for legal malpractice. Lawrence, J. P., Eiber, Rosenblatt and Miller, JJ., concur.