■ ELLEN A. DEEB et al., as Coexecutrixes of THEODORE V. DEEB, Deceased, Appellants, v ROBERT W. JOHNSON, III, Respondent.—Mercure, J. Appeal from an order of the Supreme Court (Travers, J.), entered December 19, 1989 in Rensselaer County, which granted defendant's motion to dismiss the complaint for failure to state a cause of action.

Plaintiffs, coexecutrixes of the estate of Theodore V. Deeb, commenced this action to recover for defendant's alleged legal malpractice and breach of contract in drafting the marital deduction provision of decedent's will in such a way as to increase estate tax liability by more than $59,000. Defendant moved to dismiss the complaint for failure to state a cause of action. Supreme Court, finding a lack of privity between plaintiffs and defendant, granted the motion. Plaintiffs now appeal.

We affirm. The firmly established rule in this State is that, "absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" *(Estate of Spivey v Pulley,* 138 AD2d 563, 564; *see also, Viscardi v Lerner,* 125 AD2d 662, 663-664; *see also, Rossi v Boehner,* 116 AD2d 636, 637; *Harder v Arthur F. McGinn, Jr., P. C.,* 89 AD2d 732, 733, *affd* 58 NY2d 663). While we recognize that a limited exception to the privity rule has been carved out in the case of accountants, courts have "repeatedly and recently declined to enlarge the application of this exception to [other]

professionals" *(Estate of Spivey v Pulley, supra,* at 564; *see, Council Commerce Corp. v Schwartz, Sachs & Kamhi,* 144 AD2d 422, 424, *lv denied* 74 NY2d 606; *cf., Kramer v Belfi,* 106 AD2d 615; *see also,* 3 Warren's Heaton, Surrogates' Courts § 221 [1] [d], at 64 [Supp 11th ed]). Contrary to plaintiffs' assertion, the courts of this State have not departed from the privity requirement in will-drafting cases *(see, Viscardi v Lerner, supra,* at 664), whether brought by intended beneficiaries *(see, Mali v De Forest & Duer,* 160 AD2d 297, 297-298, *lv denied* 76 NY2d 710; *Rossi v Boehner, supra)* or the estate itself *(see, Estate of Spivey v Pulley, supra; cf., Kramer v Belfi, supra).* We reject the contention that in *Kramer v Belfi (supra)* the Second Department determined that privity exists between the personal representative of a decedent's estate and the attorney who drafted the decedent's will. Notably, that court specifically held to the contrary in the subsequent case of *Estate of Spivey v Pulley (supra,* at 565).

Finally, EPTL 11-3.1 and 11-3.2 (b) do not afford the estate a remedy. Because the estate tax liability was not incurred until decedent's death, decedent had no claim for damages to survive his death. We have considered plaintiffs' remaining claims and find them meritless.

Order affirmed, with costs. Weiss, J. P., Mikoll, Levine, Mercure and Harvey, JJ., concur.