**In re Daniel and Barbara DIERINGER, Debtors.**

**Klaus SCHEFTNER and Rolf Rheinschmidt, Plaintiffs,**

v.

**B. Scott FOSTER, et al., Defendants.**

**Bankruptcy No. 1–83–01017.
Adv. No. 91–1154.**

United States Bankruptcy Court, N.D. California.

Sept. 30, 1991.

David S. Nommay, Anderson, Zeigler, Disharoon & Gray, Santa Rosa, Cal., for defendant B. Scott Foster and Defendants in pro. per.

Barry Alan Kinman, Santa Rosa, Cal., for plaintiffs.

## MEMORANDUM OF DECISION

ALAN JAROSLOVSKY, Bankruptcy Judge.

The debtors filed a Chapter 11 petition in 1983, with defendant B. Scott Foster acting as their attorney. Plaintiffs Klaus Scheftner and Rolf Rheinschmidt were the principal creditors of the debtors.

The debtor's Chapter 11 plan was confirmed in 1986. It provided, in pertinent part, that Foster was to be the disbursing agent for the payments to be made under the plan. It also provided:

> Prior to the expiration of the Plan, the Debtors will, with the approval of Court, secure a loan to pay off the balance of the claims of the Class C creditors [unsecured creditors, including plaintiffs], or will, with approval of Court, liquidate Debtors' stock in the Four Forty Club, Inc., and pay off such unpaid balance. B. Scott Foster, Debtor's attorney, will hold said stock in trust until all claims have been truly paid.

In January, 1991, citing inability to perform under their plan, the debtors converted the case to Chapter 7. In July, 1991, plaintiffs commenced this action in state court against Foster and the law firm with which he was associated. Defendants removed the action to bankruptcy court. The court, having determined that the basis for the suit is Foster's liability under the plan, has accepted jurisdiction over the action and now proceeds to rule on defendants' motions for summary adjudication.

For purposes of this motion only, the court accepts the facts as alleged by plaintiffs. They are that they first opposed the plan, but agreed to go along with it on Foster's representations that the stock was unencumbered and had a value sufficient to pay all claims in full. After the plan was confirmed, Foster continued to assure the plaintiffs that the stock made it certain that they would eventually be paid. Meanwhile, Foster allowed the debtors to make withdrawals from the business operated by the corporation and allowed them to incur tax liabilities so that when the case was finally converted the stock was essentially worthless.

Based on the above facts, plaintiffs have made the following claims:

1. The plan created an express trust for their benefit with Foster as trustee. He breached his fiduciary duty to them by failing to check the debtors and by failing to disclose to plaintiffs what was happening.

2. Foster breached a contract by failing to check the debtors.

3. Foster is liable to them for negligently failing to check the debtors.

## Fiduciary Obligations

The flaw in plaintiffs' theories of liability is apparent in paragraph 18 of their complaint:

18. FOSTER further breached his fiduciary duties of said trust by placing his loyalty to his clients, the Debtors, above and before his duty and loyalty to Plaintiffs, who are the beneficiaries of said trust and by otherwise failing to provide for or correct such conflict in interest in acting as trustee.

■ In fact, as attorney for the debtors, who were debtors in possession, Foster had only one fiduciary duty and that was to the bankruptcy estate. The language in the plan did indeed make Foster a trustee, but the sole beneficiary of the trust was the estate, and not the debtors personally or the plaintiffs. Thus, there was no conflict of interest and the breach of trust claims must fall because plaintiffs were not the beneficiaries.

■ Because Foster had no fiduciary duty to plaintiffs, it is not necessary to determine if Foster breached a fiduciary duty. However, the court notes that the plan only required him to hold the stock, not take action to preserve its value. Had the plan named an escrow company instead of Foster to hold the stock, the escrow company would have taken no action beyond placing the stock in its safe. There is no basis, under the terms of the plan, for the allegation that Foster's duties as trustee included supervision of the business operated by the corporation.

## Breach of Contract

■ The complaint alleges that the plan constituted a written contract, which Foster breached by failing to check the debtors. This claim fails because the plan was not a contract between Foster and plaintiffs and because no provision of the plan requires Foster to monitor or police the debtors.

## Negligence

■ The complaint raises two issues regarding negligence. The first is whether a debtor's attorney in a Chapter 11 case is liable for damages if he allows the debtor to dissipate estate assets. The second is whether such an action can be brought by an individual creditor. Because the court resolves the first issue in the negative, it need not resolve the second.

The parties have cited no case dealing with the liability of a debtor's attorney for acts taken by the debtor during a bankruptcy proceeding, nor has the court found any such authority. After considering the issue, the court can see little benefit and much detriment resulting from making the debtor's counsel liable for the noncriminal and nontortious acts of the debtor, and accordingly declines to find such liability.

It is not unusual for debtors in Chapter 11 cases to dissipate the assets of an estate, so that a case which would have yielded a dividend to creditors if initially filed as a liquidation case ends up a no-asset case after a futile attempt to reorganize. The estate often suffers from loss of assets, creation of postpetition debts with priority over prepetition creditors, or both. Nonetheless, it is the express will of Congress that reorganization be encouraged. In the Bankruptcy Code, this intent is reflected in section 706(a), which gives the debtor the unconditional right to convert a liquidation case to a reorganization case.

The court sees no justification for making the debtor's counsel a policeman of the debtor's postpetition conduct. Under the Code, that role is left to the creditors' committee, individual creditors, or the U.S. Trustee. So long as the attorney is not actively involved in illegal conduct, his or her zealous efforts on behalf of the debtor should not be chilled by the threat of suit from creditors if the reorganization fails. While excessive draws and failure to pay postpetition taxes are grounds for conversion of the case or appointment of a trustee, they are not the sort of illegal conduct for which an attorney who represents the debtor ought to be personally liable.

Moreover, the court has adequate means for sanctioning a debtor's counsel who fails to act diligently to protect the estate from dissipation by virtue of its complete control over the attorney's compensation pursuant to section 329 of the Code. This control is adequate to insure that attorneys do not

knowingly assist debtors in abusing the bankruptcy laws; personal tort liability is not necessary.

The court has found no bankruptcy cases dealing with the liability of debtor's counsel to individual creditors. The closest bankruptcy case is *Matter of Stockert Flying Service, Inc.*, 74 B.R. 704 (N.D.Ind. 1987) in which the district court, sitting as an appellate court, held only that such a suit was properly heard by the bankruptcy court. The court noted that a cause of action by a creditor against a debtor's bankruptcy attorney was not a "traditionally recognized claim."

The court has found two state court cases dealing with issues similar to those now before the court. In *Associated Factors v. O'Neill Detective Agency*, 146 A.D.2d 728, 537 N.Y.S.2d 212 (1989), a factoring company sued an attorney for representing that certain accounts due to his client were collectible. Summary judgment for the attorney was affirmed, the court holding that an attorney is not liable to a third party creditor for negligence and that the creditor had produced no evidence of actual fraud. In *Callahan v. Callahan*, 127 A.D.2d 298, 514 N.Y.S.2d 819 (1987), a wife sued her husband's lawyer for misrepresenting the value of marital property to her. The appellate court held that the attorney could be liable to her for fraud. In California, the law is likewise that an attorney is not liable to third parties for negligence but could be liable for fraud. *Skarbrevik v. Cohen, England & Whitfield*, 231 Cal.App.3d 692, 282 Cal.Rptr. 627 (1991).

The court sees no reason why the above principles should not apply to liability of a debtor's attorney to creditors in a bankruptcy case. Accordingly, the court holds that a debtor's attorney is not liable to creditors for mishandling a bankruptcy except to the extent that his conduct was fraudulent or otherwise intentionally wrongful.

## Conclusion

Plaintiffs are not the beneficiaries of the trust created by the plan. Even if they were, Foster's responsibilities under the trust were only to hold the stock, not assure that its value did not deteriorate.

The plan did not constitute a contract between Foster and plaintiffs. Foster, as debtor's counsel, had no responsibility to police the debtor's conduct and is not liable to anyone, let alone an individual creditor, for the debtor's dissipation of their estate.

Interestingly, plaintiffs have not pleaded the only valid claim they may have against Foster. An attorney who makes affirmative misrepresentations on behalf of his client, knowing that they are false or having no reasonable basis for making the representations, may be liable for fraud. If, as alleged, Foster continued to represent to plaintiffs that the stock was worth enough to satisfy their claims while the debtors continued to take actions which rendered the stock worthless, Foster may be liable to plaintiffs for any damages they suffered by forbearing.

For the foregoing reasons, defendants' motion to dismiss will be granted. Provided, however, that plaintiffs shall have 20 days to file an amended complaint based solely on any alleged fraud of Foster.

Counsel for defendants shall submit an appropriate from of order.