■ CARL J. HENDRICK, Respondent-Appellant, v DAWN TELLIER, Appellant-Respondent. [710 NYS2d 750] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted that part of defendant's motion seeking summary judgment dismissing the second cause of action, which alleges a cause of action pursuant to Civil Rights Law § 80-b, and denied defendant's motion in all other respects. The parties resided together from 1991 until September 1996, and were to be married in September 1992; however, the marriage did not take place. The parties dispute whether the engagement continued until September 1996. During the time that they resided together, plaintiff made substantial improvements to the home, which was owned solely by defendant. Plaintiff alleges that, within two weeks after he completed the improve-

ments, defendant asked him to move out. Plaintiff filed a mechanic's lien on November 20, 1996 in the sum of $35,426. In November 1997 he commenced this action seeking enforcement of the mechanic's lien; damages for the causes of action based upon Civil Rights Law § 80-b and unjust enrichment; and the establishment of a constructive trust.

Defendant established her entitlement to judgment as a matter of law with respect to the second cause of action because plaintiff's services are not included in the enumerated items that may be recovered when transferred in contemplation of marriage (*see,* Civil Rights Law § 80-b). However, defendant failed to establish her entitlement to judgment as a matter of law with respect to the remaining causes of action (*see generally, Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeals from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.