NORTHERN TRUST, N.A., as Administrator of the Estate of RICHARD SARKIS, Deceased, Appellant-Respondent, v PATRICIA A. DELLEY, Respondent-Appellant. [875 NYS2d 690]—

Appeal and cross appeal from an order of the Supreme Court, Monroe County (Evelyn Frazee, J.), entered October 3, 2007 in an action pursuant to Civil Rights Law § 80-b. The order, insofar as appealed and cross-appealed from, granted in part and denied in part the motion of plaintiff for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying in its entirety that part of the motion for summary judgment on the complaint and vacating the first and second ordering paragraphs and by granting that part of the motion for summary judgment dismissing the counterclaim and dismissing the counterclaim and as modified the order is affirmed without costs.

Memorandum: Richard Sarkis commenced this action pursuant to Civil Rights Law § 80-b seeking, inter alia, the return of gifts, including a ring and an interest in real property, that he purportedly gave to defendant in contemplation of a marriage that never occurred. Supreme Court granted the motion of

Sarkis for summary judgment in part by directing defendant to execute a quitclaim deed conveying her interest in the property to him subject to a constructive trust in favor of defendant. The proceeds of the sale or rental of the property were to be placed in the constructive trust pending a final determination of the parties' respective financial interests in the property. The court otherwise denied the motion for summary judgment on the complaint and for summary judgment dismissing the counterclaim and also denied defendant's cross motion for summary judgment dismissing the third, fourth and fifth causes of action. Sarkis died during the pendency of this appeal by him and the cross appeal by defendant, and Northern Trust, NA, as administrator of the estate of Sarkis, was substituted as the plaintiff.

Addressing first the cross appeal, we agree with defendant that the court erred in failing to deny in its entirety that part of the motion for summary judgment on the complaint, and we therefore modify the order accordingly. Although Sarkis submitted evidence in admissible form establishing that he purchased the ring and added defendant's name to the deed to the property in question as a joint tenant in sole consideration of the impending marriage, he also submitted evidence in admissible form establishing that the ring was a birthday gift to defendant and that her name was added to the deed because she was selling her residence and leaving her employment in contemplation of the marriage. Thus, Sarkis raised a triable issue of fact by his own submissions, and the court erred in directing defendant to execute a quitclaim deed conveying her interest in the property to him. Indeed, we note that the court cited no legal authority for directing defendant to transfer her interest in the property.

With respect to the appeal, however, we agree with plaintiff that the court erred in denying that part of the motion for summary judgment dismissing the counterclaim, which sought relief that is not authorized by Civil Rights Law § 80-a (*see generally Hendrick v Tellier*, 274 AD2d 944 [2000]). We therefore further modify the order accordingly. Present—Martoche, J.P., Fahey, Green, Pine and Gorski, JJ.