ESTATE OF SAUL SCHNEIDER, Appellant, v VICTOR M. FINMANN et al., Respondents, et al., Defendant. [876 NYS2d 121]—

In an action to recover damages for legal malpractice, the plaintiff, Estate of Saul Schneider, appeals from an order of the Supreme Court, Nassau County (Woodard, J.), entered May 14,

2008, which granted that branch of the motion of the defendants Victor M. Finmann and Victor M. Finmann, P.C., which was to dismiss the complaint insofar as asserted against them for failure to state a cause of action pursuant to CPLR 3211 (a) (7).

Ordered that the order is affirmed, with costs.

In 2005 the decedent Saul Schneider transferred ownership of a life insurance policy on his own life from a limited liability partnership that he controlled to himself. He allegedly was acting on the advice of the defendant Victor M. Finmann, through Finmann's professional corporation, the defendant Victor M. Finmann, P.C. (hereinafter collectively Finmann). Schneider died in October 2006. The transfer of ownership of the policy allegedly resulted in an increased estate tax liability. Schneider's estate commenced this action against, inter alia, Finmann seeking damages for legal malpractice. The Supreme Court granted that branch of Finmann's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action. We affirm.

"The well-established rule in New York with respect to attorney malpractice is that absent fraud, collusion, malicious acts or other special circumstances, an attorney is not liable to third parties, not in privity, for harm caused by professional negligence" (*Estate of Spivey v Pulley*, 138 AD2d 563, 564 [1988]). Inasmuch as the estate was not in privity with Finmann, and there is no allegation that one of the exceptions to the privity requirement is applicable here, the estate may not maintain an action for legal malpractice against Finmann in its own right (*see Deeb v Johnson*, 170 AD2d 865 [1991]; *cf. Estate of Nevelson v Carro, Spanbock, Kaster & Cuiffo*, 259 AD2d 282, 285 [1999]). Moreover, Schneider himself did not have a claim during his lifetime against Finmann for legal malpractice, since the only alleged damage suffered from the malpractice was the increase in estate tax liability, which could not have been incurred while Schneider was alive. Consequently, the estate may not maintain this action under EPTL 11-3.2 (b) (*see* EPTL 11-3.2 [b]; *Deeb v Johnson*, 170 AD2d at 866; *Rutter v Jones, Blechman, Woltz & Kelly, P.C.*, 264 Va 310, 314, 568 SE2d 693, 695 [2002]; *cf. Nembach v Giaimo & Vreeburg*, 209 AD2d 222, 222-223 [1994]). Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur.