■ DEAN POUPIS, JR., Appellant, v JENNIFER BROWN, Respondent. [935 NYS2d 127]—

In opposition to the plaintiff's prima facie showing of his entitlement to judgment as a matter of law on his causes of action pursuant to Civil Rights Law § 80-b (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]), the defendant raised triable issues of fact as to whether the engagement ring and the interest in the first West Islip property were gifts given solely in contemplation of marriage (*see Lipschutz v Kiderman*, 76 AD3d 178, 185-186 [2010]; *Northern Trust, NA v Delley*, 60 AD3d 1345 [2009]). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on his causes of action pursuant to Civil Rights Law § 80-b. As there are triable issues of fact surrounding the conveyance of the interest in the first West Islip property to the defendant, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's first counterclaim, which sought an order directing the sale of that property.

However, the Supreme Court erred in denying that branch of the plaintiff's motion which was for summary judgment dismissing the defendant's second counterclaim, which sought to impose a constructive trust on a second parcel of real property, also located in West Islip. A constructive trust may be imposed " '[w]hen property has been acquired in such circumstances that the holder of the legal title may not in good conscience retain the beneficial interest' " (*Sharp v Kosmalski*, 40 NY2d 119, 121 [1976], quoting *Beatty v Guggenheim Exploration Co.*, 225 NY 380, 386 [1919]). The four requirements for the imposition of a constructive trust are: (1) a confidential or fiduciary relationship, (2) a promise, (3) a transfer in reliance thereon, and (4) unjust enrichment (*see Sharp v Kosmalski*, 40 NY2d at 121; *Matter of Noble*, 31 AD3d 643, 644-645 [2006]).

Here, in opposition to the plaintiff's prima facie showing of his entitlement to judgment as a matter of law dismissing the defendant's second counterclaim (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]), the defendant failed to raise a triable issue of fact as to the elements of a promise, a transfer in reliance thereon, and unjust enrichment (*see*

*Moramarco v Ruggiero*, 55 AD3d 694 [2008]; *Osborne v Tooker*, 36 AD3d 778 [2007]; *Matter of Noble*, 31 AD3d at 645).

In reaching this determination, we have not considered matter dehors the record (*see Krzyanowski v Eveready Ins. Co.*, 28 AD3d 613 [2006]). Dillon, J.P., Angiolillo, Dickerson and Hall, JJ., concur.