■ ESCOETT & COMPANY, Appellant, v. ALEXANDER & ALEXANDER, INC., Respondent.— Order, entered on October 15, 1968, insofar as it denied plaintiff's motion to dismiss the defendant's counterclaim, unanimously reversed on the law and motion granted, with $50 costs and disbursements to plaintiff-appellant. The counterclaim, insofar as it purports to be grounded in libel or slander, is legally insufficient, as it fails to set forth the particular words complained of. (CPLR 3016; *Brandt* v. *Winchell,* 3 N Y 2d 628, 636.) Nor can the counterclaim be sustained as pleading a cause of action in fraud since none of the traditional elements of such an action is alleged. Defendant does not claim that it was deceived or induced into acting to its detriment, in reliance upon representations made by the plaintiff. The representations of which the defendant complains were made to third parties and not to it, and those representations were relied upon by those third parties and not by it. Concur — Stevens, P. J., Eager, Capozzoli, McGivern and Nunez, JJ.

■ JOSEPH LICARI, Appellant, v. ISBRANDTSEN Co., INC., Respondent.— Order entered July 7, 1967, herein appealed from, modified on the law, the facts and in the exercise of discretion, so as to grant leave to plaintiff to serve an amended complaint pleading breach of warranty of seaworthiness only within 20 days after service of a copy of the order entered hereon. As so modified the order is otherwise affirmed, without costs to either party. The complaint combines allegations of negligence and unseaworthiness as the bases upon which recovery is sought. Insofar as the action is based on negligence, that aspect is clearly time-barred since the accident in which plaintiff, a longshoreman, allegedly sustained injuries occurred April 25, 1962, and action was not commenced until September 14, 1965 (CPLR 214, subd. 5; *Johnsen* v. *McAllister Lighterage Lines,* 8 A D 2d 831). The applicable time limitation with respect to breach of warranty of seaworthiness is the State six-year Statute of Limitations for contract actions (*Ingravallo* v. *Pool Shipping Co.,* 247 F. Supp. 394; CPLR 213). It is now well established that State courts of competent jurisdiction may hear Jones Act cases (*Engel* v. *Davenport,* 271 U. S. 33; *Maloney* v. *State of New York,* 2 A D 2d 195, 196). Whether plaintiff falls within the protective orbit of the Jones Act "depends largely on the facts of the particular case and the activity in which he was engaged at the time of injury" (*Desper* v. *Starved Rock Ferry Co.,* 342 U. S. 187, cited in *Taylor* v. *Central R. R. Co. of N. J.,* 9 A D 2d 101, 104; cf. *Gutierrez* v. *Waterman S. S. Corp.,* 373 U. S. 206). In our view sufficient allegations of unseaworthiness are included in the complaint to warrant permission to plaintiff to replead, limiting the cause to unseaworthiness only (see *Brannigan* v. *Lykes Bros. S. S. Co.,* 26 A D 2d 273; cf. *Johnson* v. *McAllister Lighterage Lines, supra*). Concur — Stevens, P. J., Tilzer, McGivern, Nunez and Macken, JJ.