■ MILTON GARELICK, Appellant, v ANNE CARMEL, Individually and as Executrix of REBECCA GARELICK, Deceased, et al., Respondents, et al., Defendants.—In an action to recover damages for legal malpractice, fraud and conversion, the plaintiff appeals from an order of the Supreme Court, Kings County (Held, J.), dated July 17, 1987, as (1) granted the motion of the defendants Jacoby & Meyers and Richard D. Ribakove for summary judgment dismissing the complaint insofar as it is asserted against them for failure to state a cause of action sounding in legal malpractice, (2) granted the cross motion of the defendants Carmel and Scaccio for summary judgment dismissing the complaint insofar as it is asserted against them for failure to state a cause of action sounding in fraud or conversion, and (3) denied the plaintiff's motion for leave to amend his complaint.

Ordered that the order is modified, by (1) deleting the provision thereof granting the motion of the defendants Jacoby & Meyers and Ribakove and substituting therefor a provision denying that motion, and (2) deleting the provision thereof denying the plaintiff's motion and substituting therefor a provision granting the plaintiff's motion and deeming the proposed amended complaint served; as so modified the order is affirmed, without costs or disbursements; and it is further,

Ordered that the time of the defendants Jacoby & Meyers and Ribakove to serve an answer to the amended complaint is extended until 20 days after service upon them of a copy of this decision and order, with notice of entry.

Contrary to the Supreme Court's determination, we conclude that triable issues of fact exist as to whether privity of contract existed between the plaintiff and the defendants Jacoby & Meyers and Ribakove, a former staff member of Jacoby & Meyers, thereby permitting the plaintiff to pursue an action sounding in legal malpractice against those defen-

dants *(see, Viscardi v Lerner,* 125 AD2d 662, 663-664; *Rossi v Boehner,* 116 AD2d 636; *Calamari v Grace,* 98 AD2d 74, 79). On this point, we note that the record indicates that the plaintiff paid those defendants for the legal services rendered in connection with the drafting and execution of the subject deed which conveyed the real property of the plaintiff's mother to the plaintiff. Further, the defendant Ribakove, at the plaintiff's request, apparently agreed to file the subject deed with the office of the County Clerk, Kings County, on the plaintiff's behalf. These facts, at the very least, raise issues of fact as to whether an attorney-client relationship existed between the parties. For these same reasons, we further find that the Supreme Court improvidently exercised its discretion in denying the plaintiff leave to amend his complaint to add a cause of action sounding in breach of contract against the defendants Jacoby & Meyers and Ribakove.

The Supreme Court did act properly, however, in dismissing the plaintiff's complaint insofar as it is asserted against the defendants Carmel and Scaccio for failure to plead a valid cause of action sounding in conversion or fraud. An action sounding in conversion does not lie where the property involved is real property *(see, Boll v Town of Kinderhook,* 99 AD2d 898). Moreover, in order to plead a valid cause of action sounding in fraud, the complaint must set forth all of the elements of fraud including the making of material representations by the defendant to the plaintiff *(see, Elsky v KM Ins. Brokers,* 139 AD2d 691 [2d Dept, Apr. 25, 1988]; *Escoett & Co. v Alexander & Alexander,* 31 AD2d 791). The plaintiff's complaint does not contain any allegation setting forth alleged material representations by the defendants Carmel and Scaccio to the plaintiff, nor are any such allegations contained in the plaintiff's papers submitted in opposition to those defendants' cross motion. Mollen, P. J., Mangano, Eiber and Sullivan, JJ., concur.