OPINION OF THE COURT
Melvin S. Barasch, J.
The defendants have moved to dismiss the complaint of the plaintiffs pursuant to CPLR 3211 (a) (7) on the grounds that the complaint failed to state a cause of action. The facts, as they are relevant, are as follows:
Plaintiffs allege that they paid for and instructed defendants to draft the last will and testament on behalf of their aunt, the testatrix Lucia Borrometi, in such a manner that would allow Mrs. Borrometi’s husband, Angelo Borrometi, to benefit from certain real property during his lifetime and that, upon his *355 death, the real property would pass in its entirety to the plaintiffs.
The defendants drafted the subject will, which was duly executed by Mrs. Borrometi on February 25, 1992. Mrs. Borrometi died on March 18, 1992 and her husband died on January 13, 1994. After probate, Surrogate’s Court, Kings County, held that a two-thirds interest in the residuary was devised to the plaintiffs and the remaining one third was devised to the estate of Angelo Borrometi, in which plaintiffs had no interest. Plaintiffs now seek to recover $250,000 in damages based upon theories of legal malpractice, breach of retainer, breach of fiduciary duty, and fraud.
Defendants base their motion to dismiss the complaint on the assertions that plaintiffs, as beneficiaries under the will and not the testators, are not in privity with the defendants. They assert that since the plaintiffs are a third party alleging negligence, they cannot sustain a claim of malpractice. The defendants also contend that the complaint fails to sufficiently plead fraud, collusion or a malicious act on the part of the defendants.
In opposition to defendants’ motion, plaintiffs submitted a copy of the complaint and an affidavit by the plaintiff Giovanni Conti. The Conti affidavit sets forth factual allegations that an attorney-client relationship did exist since the plaintiffs were the parties who hired and paid the defendants to draft the will and therefore they have adequately stated a cause of action based on negligence. The plaintiffs also contend that they have adequately stated a cause of action based on fraud in that plaintiffs relied to their detriment on defendants’ unkept promise to carry out Giovanni Conti’s instructions for the benefit of the plaintiffs.
In order for the plaintiffs to sustain a cause of action sounding in negligence, privity must exist between them and the defendant. The New York rule regarding actions involving legal malpractice is that absent fraud, collusion, malicious acts or other circumstances, an attorney is not liable to third parties not in privity for harm caused by professional negligence (Estate of Spivey v Pulley, 138 AD2d 563; Viscardi v Lerner, 125 AD2d 662; Rossi v Boehner, 116 AD2d 636; Kramer v Belfi, 106 AD2d 615; Calamari v Grace, 98 AD2d 74). Plaintiffs are clearly the beneficiaries of the will and not the party for whom defendants drafted the will. Even if the plaintiffs hired and paid the defendants, they are not liable for malpractice to persons other than their client, Lucia Borrometi.
*356 Plaintiffs’ reliance on Garelick v Carmel (141 AD2d 501) is misplaced. In Garelick, the Court found that an attorney-client relationship existed where the plaintiff hired an attorney to draft a deed on behalf of his mother by which certain real property could be conveyed to him. However, while Garelick, which involved a deed, represented the negotiated agreement between two parties, the instant case involves a will which represents the intention of one person to dispose of property. Accordingly, the holding in Garelick is inapplicable to the case at bar.
Plaintiffs have failed to properly plead a cause of action based on fraud. In order to sustain a cause of action for fraud the claimant must establish that the persons against whom fraud is asserted made a representation of fact which was untrue and which was made to and did deceive the claimants and induced the claimants to rely upon it (Chase Manhattan Bank v Perla, 65 AD2d 207, 210; Jo Ann Homes at Bellmore v Dwortez, 25 NY2d 112, 119). Moreover, each of the elements must be supported by factual allegations as mandated by the provisions of CPLR 3016 (b) (see, Gervasio v DiNapoli, 126 AD2d 514). Plaintiffs do no more than make conclusory statements in the complaint and affidavit in opposition to the motion, and have thus failed to state a cause of action.
There is a strong presumption based on public policy, favoring the validity of properly executed wills (In re Surak’s Will, 48 NYS2d 400; Matter of Allen, 257 App Div 718). Allegations which attack the validity of a specific disposition have their proper place in probate proceedings. They have no place in a postprobate lawsuit brought by a dissatisfied beneficiary against an attorney who drafted a will in accordance with the presumed wishes of the testatrix.
In view of the foregoing, the motion to dismiss is granted.