CEMENT AND CONCRETE WORKERS DISTRICT COUNCIL WELFARE FUND, PENSION FUND, LEGAL SERVICES FUND AND ANNUITY FUND; William R. Soracco; Thomas Madera, Plaintiffs–Appellees–Cross–Appellants,

v.

John A. LOLLO; Gerald M. Lollo; Lawrence Lollo; Jeffrey E. Lollo; Peter Lollo; Jeffrey E. Lollo, a personal representative of Anthony F. Lollo, deceased, Defendants,

Steven R. Lollo; Defendant–Appellant–Cross–Appellee.

Docket Nos. 97–7013, 97–7023.

United States Court of Appeals, Second Circuit.

Argued Oct. 23, 1997.

Decided July 6, 1998.

Andrew C. Morganstern, Mineola, New York, for Defendant–Appellant–Cross–Appellee.

Joseph S. Kaming, Kaming & Kaming, New York City (Elizabeth C. Kaming, Sean O'Donnell, of counsel), for Plaintiffs–Appellees–Cross–Appellants.

Before: WINTER, Chief Judge, CARDAMONE, Circuit Judge, and POLLACK, District Judge.[*]

WINTER, Chief Judge:

Defendant Steven R. Lollo appeals from a judgment entered after a bench trial before Judge Nickerson, who found that Lollo had conspired to defraud various ERISA funds of contributions and was liable under New York law in the amount of $157,385.39. *Cement & Concrete Workers' Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund and Annuity Fund v. Lollo*, No. CV 89–3784, 1996 WL 705461 (E.D.N.Y. Dec. 3, 1996) (hereafter *"District Court Order"*). Plaintiffs—the president of the Cement and Con-

---

crete Workers District ·Council ("Union"), several of the Union's ERISA funds ("Funds"), and the administrator of the Funds—cross-appeal from the judgment insofar as it held Lollo liable only in common-law fraud rather than under Section 515 of ERISA, 29 U.S.C. § 1145; We hold that Lollo did not defraud the plaintiffs and is not liable under ERISA or in common-law fraud.

In 1984 and 1987, the Union entered into collective bargaining agreements ("CBAs") with Lollo, Inc., a construction company ("Company"), under which the Company agreed to make contributions to the Funds based on employee work hours. The Company failed to comply with this obligation. Plaintiffs filed suit against seven members of the Lollo family, all of whom operated or were employed by the Company, seeking to hold them personally liable for various claims of breach of contract, fraud, misappropriation, and ERISA violations. The district court granted summary judgment in favor of all defendants except Jeffrey and Steven Lollo, against whom the district court granted summary judgment in plaintiffs' favor. On appeal, we reversed that part of the district court's judgment holding Steven Lollo liable for violating ERISA, affirmed the district court's judgment in all other respects, and remanded for further proceedings. *Cement & Concrete Workers' Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund and Annuity Fund v. Lollo*, 35 F.3d 29 (2d Cir.1994) (hereafter *"Lollo I"*). Familiarity with that decision is assumed.

The facts pertinent to Steven Lollo's ("Lollo") liability are as follows. In order to obtain payments from two general contractors, Lollo, a vice president of the Company, submitted to the contractors requisition forms that stated that no money was owed to the Funds under any CBA. Those statements were false. As a result, Lollo obtained payments of several million dollars from the contractors, and no money was withheld from these payments to cover unpaid contributions to the Funds. *Lollo I*, 35 F.3d at 32. Plaintiffs alleged that, as a result of the false requisition forms, the Funds were deprived of payments.

In *Lollo I*, we held that an individual is not liable for corporate ERISA obligations solely by virtue of his or her role as officer, shareholder, or manager. *See id.* at 33 ("Beyond his status within the corporate structure, the district court must examine the officer's actual role in the company's affairs and relationship to the company's wrongdoing."). We also noted, however, one circumstance pertinent to this matter in which a corporate official might be personally liable under ERISA—namely where "a controlling corporate official defrauds or conspires to defraud a benefit fund of required contributions." *Id.* at 32 (quoting *Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 388 (2d Cir.1989)).

*Leddy* was the first case in this circuit to hold an individual corporate officer responsible for the corporation's unpaid ERISA contributions, relying on Fair Labor Standards Act precedents that imposed liability on "a corporate officer with' operational control who is directly responsible for a failure to pay statutorily required wages." *Id.* at 387. In *Leddy*, liability was appropriate because the defendant was not only the president and a major shareholder of the corporation but also acknowledged his culpability in the corporation's wrongdoings by pleading guilty to a charge of conspiring with the corporation to defraud an ERISA fund of contributions. *See id.* at 387–88.

In light of *Leddy*, *Lollo I* held that factual issues remained as to: (i) whether Lollo qualified as a "controlling corporate official," and (ii) whether Lollo "defrauded the funds." 35 F.3d at 33–34. On remand, the district court found that Lollo knew that his statements on the requisition forms were false and that he purposely made those statements to receive money from contractors without having to honor the Company's obligations to plaintiffs. *District Court Order*, 1996 WL 705461, at *3. The district court made no finding that plaintiffs knew of the false statements on the requisition forms but concluded that "[h]ad plaintiffs known of the fraud ... they would have taken appropriate legal action to protect themselves." *Id.* at *4. The district court concluded that Lollo was not liable under Section 515 of ERISA because Lollo was not a "controlling corporate offi-

cial" as defined in *Lollo I. Id.* at \*3. However, the court found Lollo liable in common-law fraud for the total amount of the Company's unpaid ERISA contributions, \$157,385.39, plus interest and costs. *Id.* at \*4. Both parties appealed.

Whether Lollo was a "controlling corporate official" need not be addressed because we conclude that Lollo did not defraud the Funds for purposes of either ERISA or New York law. We stated in *Lollo I* that to prove fraud, a plaintiff must demonstrate: (i) a material false representation or omission of an existing fact, (ii) the defendant's knowledge of the falsity, (iii) the defendant's intent to defraud, (iv) the plaintiff's reasonable reliance upon the misrepresentation or omission, and (v) consequent damage to the plaintiff. 35 F.3d at 33. In reversing the district court's grant of summary judgment in plaintiffs' favor in *Lollo I,* we noted that a fraud judgment had to be based on more than a finding that Lollo had lied to a third party about the Company's unpaid obligations to the Funds. *See* 35 F.3d at 34. Rather, plaintiffs had to prove that they were themselves deceived.

On remand, the district court did not find that plaintiffs were deceived by Lollo's fraudulent statements. It found only that the contractors were deceived, and that by "deceiving the prime contractors Steven Lollo in fact caused damage to plaintiffs." *District Court Order,* 1996 WL 705461, at \*4. The district court concluded that this deception was sufficient to impose liability on Lollo, relying on a statement in *Diduck v. Kaszycki & Sons Contractors, Inc.,* that the "reliance element of fraud is essentially causation in fact," 974 F.2d 270, 278 (2d Cir.1992), and on *Shaw v. Rolex Watch, U.S.A.,* 726 F.Supp. 969, 973 (S.D.N.Y.1989), which held that, in a RICO case, a "plaintiff who is injured as a proximate result of fraud should be able to recover regardless of whether he or a third party is the one deceived." We disagree.

■ To be sure, the contractors were deceived. The relevant question, however, is whether a plaintiff establishes the reliance element of fraud by proving that a third party was deceived. *Diduck* does not answer that question, it stands only for the proposi-

tion that the person to whom misrepresentations are made must rely upon them. *See* 974 F.2d at 278–79. The question here is whether the plaintiff must be the person to whom the misrepresentation was directed, who knew of it, and who relied upon it. *See Rosen v. Spanierman,* 894 F.2d 28, 33 (2d Cir.1990) (under New York law, " 'third party can recover damages for a fraudulent misrepresentation if he can establish that he relied upon it to his detriment, and that the defendants intended the misrepresentation to be conveyed to him' ") (quoting *Peerless Mills, Inc. v. AT & T,* 527 F.2d 445, 450 (2d Cir.1975)).

■ We hold that a plaintiff does not establish the reliance element of fraud for purposes of ERISA or New York law by showing only that a third party relied on a defendant's false statements. *See Kelly v. L.L. Cool J.,* 145 F.R.D. 32, 39 n. 8 (S.D.N.Y.1992) ("A plaintiff has failed to state a claim for fraud when he alleges merely that the misrepresentation in question was made to or relied on by a third party."), *aff'd,* 23 F.3d 398 (2d Cir.1994); *see also Garelick v. Carmel,* 141 A.D.2d 501, 529 N.Y.S.2d 126, 128 (App.Div.1988) (to state fraud claim, "complaint must set forth all of the elements of fraud including the making of material representations by the defendant to the plaintiff"); *Escoett & Co. v. Alexander & Alexander, Inc.,* 31 A.D.2d 791, 296 N.Y.S.2d 929, 929 (App.Div.1969) (per curiam) (defendant's fraud counterclaim fails because "representations of which the defendant complains were made to third parties and not to it, and those representations were relied upon by those third parties and not by it"); *cf. Spanierman,* 894 F.2d at 33.

*Shaw,* a case relied on by plaintiffs and the district court, is not inconsistent with our view. In *Shaw,* the issue was whether a plaintiff seeking to recover under the civil-remedies provision of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, must, in order to satisfy Section 1964(c)'s "causation" requirement, prove that he or she relied on a defendant's acts where those acts constituted mail fraud under 18 U.S.C. § 1341. *See* 726

F.Supp. at 971–73.  Judge Conner, while noting that the mail-fraud statute itself contained no reliance requirement, *see id.* at 972, concluded that a plaintiff must show reliance to recover under RICO but "should be able to recover regardless of whether he or a third party is the one deceived," *id.* at 973. In so holding, Judge Conner expressly distinguished RICO causation and mail fraud from common-law fraud.  Indeed, in an earlier related case, *Shaw v. Rolex Watch, U.S.A.,* 673 F.Supp. 674 (S.D.N.Y.1987), Judge Conner addressed the question of whether the same plaintiff could maintain a common-law fraud action.  He concluded that the plaintiff could not maintain a fraud action because "New York courts have consistently held that a claim of fraud will not lie when premised on the reliance of a third party." *Id.* at 682 (collecting cases).

Because the district court did not find that plaintiffs had proven their reliance on Lollo's misrepresentations and because there is no evidence that they did so rely, Lollo is not liable under either ERISA or New York law.[1]

We therefore affirm in part and reverse in part.

---

1. Lollo argues that plaintiffs' common-law fraud claim is preempted by ERISA.  We need not resolve the preemption issue because, as discussed above, their fraud claim lacks merit.