■ EVILIA MAZZONE, Appellant, v NICK MAZZONE, Respondent. [703 NYS2d 282] —In an action pursuant to RPAPL article 15, the plaintiff appeals from an order of the Supreme Court, Kings County, (Vaughan, J.), dated December 3, 1998, which denied her motion for a preliminary injunction, granted the defendant's cross motion to dismiss the complaint, and, *sua sponte*, imposed a sanction on her in the sum of $1,000.

Ordered that on the Court's own motion, the appellant's notice of appeal from so much of the order as imposed a sanction is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which imposed a sanction in the sum of $1,000 on the plaintiff; as so modified, the order is affirmed, without costs or disbursements.

The Supreme Court properly dismissed the complaint as the plaintiff failed to plead a valid cause of action sounding in fraud. To plead a valid cause of action sounding in fraud, the complaint must set forth all the elements of fraud including the making of material representations by the defendant (*see, Garelick v Carmel,* 141 AD2d 501). The complaint herein did not contain any allegation that the defendant made any material representations.

To the extent that the complaint may be read to plead a cause of action to impose a constructive trust, it is time-barred. An action to impose a constructive trust is governed by the six-year Statute of Limitations provided by CPLR 213 (1), which " 'commences to run upon the occurrence of the wrongful act

giving rise to a duty of restitution and not from the time the facts constituting the fraud are discovered'" (*Mattera v Mattera,* 125 AD2d 555, 556-557). Here, the action was commenced more than six years after the alleged wrongful transfer of the property.

The Supreme Court, however, improperly imposed a sanction in the sum of $1,000 on the plaintiff, as the order did not set forth the conduct which was the basis of the sanction (*see,* 22 NYCRR 130-1.2).

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Krausman, Florio and McGinity, JJ., concur.