■ HARVEY WEINGARD, Respondent-Appellant, v JUDITH M. O'DONNELL et al., Appellants-Respondents. [749 NYS2d 431] —In an action, inter alia, to impose a constructive trust on certain real property, (1) the defendants appeal from so much of an order of the Supreme Court, Rockland County (Nelson, J.), dated August 22, 2001, as denied their motion for summary judgment dismissing the complaint, and the plaintiff cross-appeals from so much of the same order as denied his cross motion for summary judgment on the issue of liability, and (2) the plaintiff separately appeals, as limited by his brief, from so much of an order of the same court, dated January 4, 2002, as, upon granting his motion for leave to reargue, adhered to its prior determination denying his cross motion for summary judgment on the issue of liability.

Ordered that the cross appeal from the order dated August 22, 2001, is dismissed, as the portion of the order cross-appealed from was superseded by the order dated January 4, 2002, made upon reargument; and it is further,

Ordered that the order dated August 22, 2001, is reversed insofar as appealed from, on the law, the motion is granted, and the complaint is dismissed; and it is further,

Ordered that the order dated January 4, 2002, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendants.

The plaintiff failed to rebut the defendants' prima facie show-

ing that this action was commenced long after the expiration of the applicable six-year statute of limitations (*see* CPLR 213 [1]; *Zuckerman v City of New York,* 49 NY2d 557, 562; *Mazzone v Mazzone,* 269 AD2d 574). Accordingly, the defendants' motion for summary judgment should have been granted and the complaint dismissed.

The parties' remaining contentions either are without merit or need not be addressed in light of our determination. Ritter, J.P., Florio, S. Miller and H. Miller, JJ., concur.