**BUILDING SERVICE 32B–J HEALTH FUND, Building Service 32B–J Pension Fund, and Building Service 32B–J Supplemental Retirement, Plaintiffs–Appellants,**

v.

**Benedict Bradford MCCAFFREE, Defendant–Appellee,**

**Okland Holdings, LLC, doing business as MacClean Services, Defendants.**

No. 06–3108–cv.

United States Court of Appeals, Second Circuit.

May 29, 2007.

* The Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

**26**

Ira A. Sturm, Raab, Sturm & Goldman, LLP, New York, NY, for Appellants.

Carmelo Grimaldi, Kaufman Dolovich Schneider Bianco & Voluck LLP, Woodbury, NY, for Appellee.

PRESENT: WALKER, JOSÉ A. CABRANES, Circuit Judges, RICHARD M. BERMAN *, District Judge.

### SUMMARY ORDER

Appellants appeal from a June 1, 2006 judgment of the District Court insofar as it granted appellee's motion for summary judgment and dismissed appellants' claim that appellee is liable for delinquent contributions required by Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1145. We assume the parties' familiarity with the facts and procedural history of the case.

We review *de novo* the District Court's grant of summary judgment, *Guilbert v. Gardner*, 480 F.3d 140, 145 (2d Cir.2007), and we construe all evidence and draw all reasonable inferences in appellants' favor, *see Quinn v. Green Tree Credit Corp.*, 159 F.3d 759, 764 (2d Cir.1998). Upon careful review of the record, we conclude that the evidence adduced by appellants is insufficient as a matter of law to establish that Okland Holdings is a "marginal corporation," such that appellee should be held liable for the delinquent contributions as its alter ego. *Lowen v. Tower Asset*

*Mgmt., Inc.*, 829 F.2d 1209, 1220–21 (2d Cir.1987) (quoting *Alman v. Danin*, 801 F.2d 1, 4 (1st Cir.1986)). Moreover, this case does not present us with "special circumstances" such as those we have previously found sufficient to impose personal liability for ERISA obligations. *Sasso v. Cervoni*, 985 F.2d 49, 50 (2d Cir.1993); *see also Leddy v. Standard Drywall, Inc.*, 875 F.2d 383, 388 (2d Cir.1989) ("We therefore hold that at least to the extent that a controlling corporate official defrauds or conspires to defraud a benefit fund of required contributions, the official is individually liable under Section 502 of ERISA ... even if the traditional conditions for piercing the corporate veil are not met."). Appellants have not alleged that appellee "acted in concert with fiduciaries in breaching fiduciary obligations," *Sasso* 985 F.2d at 50; nor have appellants, in the course of describing purported "frauds" committed by appellee, presented evidence to show that they ever detrimentally relied upon misrepresentations made by appellee which deprived them of the delinquent contributions, *see Cement & Concrete Workers Dist. Council Welfare Fund v. Lollo*, 148 F.3d 194, 196 (2d Cir.1998) ("We hold that a plaintiff does not establish the reliance element of fraud for purposes of ERISA or New York law by showing only that a third party relied on a defendant's false statements.").

We have considered all of appellants' remaining arguments and find them to be without merit. The judgment of the District Court is AFFIRMED.

---

* The Honorable Richard M. Berman, of the United States District Court for the Southern District of New York, sitting by designation.