06-3532-cv
Federal Treasury Enterprise v. Spirits International N.V.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of October, two thousand ten.

PRESENT:

> JOSÉ A. CABRANES,
> BARRINGTON D. PARKER,
>
> *Circuit Judges*,
>
> P. KEVIN CASTEL,[*]
>
> *District Judge.*

---

FEDERAL TREASURY ENTERPRISE SOJUZPLODOIMPORT
AND ZAKRYTOE AKTSIONERNOE OBSCHESTVO "LIVIZ",

    *Plaintiffs-Appellants*,                                                              #06-3532-cv

    – v. –

SPIRITS INTERNATIONAL N.V., SPI SPIRITS LIMITED, SPI GROUP SA, YURI SHEFLER, ALEXEY OLIYNIK, ALLIED DOMECQ INTERNATIONAL HOLDINGS B.V. AND ALLIED DOMECQ SPIRTS & WINE USA, INC.,

    *Defendants-Appellees*.

---

[*] The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLANT: KATHLEEN M. SULLIVAN, (DANIEL H. BROMBERG, *on the brief*), Quinn Emanuel Urquhart & Sullivan, LLP, Redwood Shores, California (JOHN B. QUINN, DAVID W. QUINTO, Quinn Emanuel Urquhart & Sullivan, LLP, Los Angeles, California, JUSTIN HUGHES, Cardozo School of Law, New York, New York, JEFFREY A. CONCIATORI, JONATHAN OBLAK, WILLIAM B. ADAMS, New York, New York, *on the brief*).

FOR APPELLEES: EUGENE D. GULLAND (OSCAR M. GARIBALDI, NEIL K. ROMAN, EMILY JOHNSON HENN, *on the brief*), Covington & Burling LLP, New York, District of Columbia, (BRADLEY J. NASH, Covington & Burling LLP, New York, New York, *on the brief*) *for Defendants-Appellees Spirits International N.V., SPI Spirits Limited, SPI Group SA, Yuri Shefler, Alexey Oliynik.*

DAVID H. BERNSTEIN (MICHAEL SCHAPER, *on the brief*) Debevoise & Plimpton LLP, New York, New York *for Defendants-Appellees Allied Domecq.*

Appeal from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Plaintiff-Appellant Federal Treasury Enterprise Sojuzplodoimport ("FTE") appeals from a judgment of the United States District Court for the Southern District of New York (Daniels, *J.*) arising from litigation over ownership of the famous STOLICHNAYA vodka trademarks. FTE, an entity created by the Russian government and purportedly granted rights by the government to manage the trademarks, sued two groups of defendants: (1) Spirits International N.V., SPI Spirits Limited, SPI Group SA, Yuri Shefler, and Alexey Oliynik (collectively, the

2

"SPI defendants"), who also claim to be the lawful owners of the trademarks, and (2) Allied Domecq International Holdings B.V. and Allied Domecq Spirts & Wine USA, Inc. (collectively, "Allied Domecq"), to whom SPI has assigned its purported ownership rights. FTE's complaint asserted a variety of Lanham Act and related common-law claims. *See* 15 U.S.C. § 1051 *et seq.*

The principal dispute below was essentially whether Allied Domecq's claimed rights in the marks had become "incontestable" under the Lanham Act. *See* 15 U.S.C. § 1065(1)-(4). The district court concluded that the marks had become incontestable, and that therefore FTE could not challenge the validity of their assignment to Allied Domecq. We address this issue in a separate opinion filed contemporaneously with this summary order, in which we vacate the judgment of the district court and hold that FTE may challenge Allied Domecq's claim of ownership of the marks in a federal action. That opinion includes a detailed account of the complicated factual and procedural background of this litigation.

FTE has also appealed the district court's dismissal of its common-law fraud and unjust enrichment claims. For the following reasons, we affirm the district court's dismissal of these claims. We also address a lingering joinder issue.

The district court dismissed FTE's fraud claim against the SPI entities and Allied Domecq, and its claim for aiding and abetting fraud against the latter, on the ground that FTE had failed to plead that it had relied on a false statement of the defendants. It pled instead that PepsiCo, a third party, had relied on SPI's false statements. The district court, relying on *Cement & Concrete Workers v. Lollo*, 148 F.3d 194, 196 (2d Cir. 1998), concluded that New York law did not permit a fraud action based on misrepresentations to a third party. Since the district court's decision, we held in *City of New York v. Smokes-Spirits.com, Inc.*, 541 F.3d 425 (2d Cir. 2008), that "allegations of third-party reliance . . . are insufficient to make out a common

3

law fraud claim under New York law." *Id.* at 454. *Lollo* and *Smokes-Spirits* make clear that fraud claims may not be premised on false statements on which a third party relied. Consequently, we affirm the district court's dismissal of FTE's fraud claims.

FTE also contests the district court's dismissal of its claim of unjust enrichment against the SPI entities. The district court properly identified the three elements of an unjust enrichment claim under New York law: "(1) . . . the defendant benefitted; (2) at the plaintiff's expense; and (3) . . . equity and good conscience require restitution." The court then dismissed this claim because, it reasoned, any benefit the SPI entities received from the course of conduct FTE complained of was not at FTE's expense. This was so, the district court stated, because FTE was not created by the Russian government until 2000; did not receive rights to any of the Russian STOLICHNAYA trademarks until 2002; and still has not received the rights to the Russian Federation's share of the profits of the American STOLICHNAYA trademarks. The district court also believed that FTE's pleading did not show that equity and good conscience required restitution.

We agree with the district court's holding, albeit for a different reason. Unjust enrichment is an equitable claim that is unavailable where an adequate remedy at law exists. *See Lucente v. Int'l Bus. Mach. Corp.,* 310 F.3d 243, 262 (2d Cir. 2002). FTE argues that legal remedies are inadequate because it seeks the return of the American STOLICHNAYA trademarks, but the complaint reveals that it seeks only *monetary* relief on its unjust enrichment claim. Moreover, proceeding under a theory of unjust enrichment would allow plaintiff to evade the statute of limitations applicable to a tortious interference with contract claim. *See Norris v. Grovesnor Mktg.*, 803 F.2d 1281, 1287 (2d Cir. 1986) ("An equitable claim cannot proceed where the plaintiff has had and let pass an adequate alternative remedy at law." (collecting

4

cases)); *see also Buller v. Giorno*, 28 A.D.3d 258, 259 (N.Y. 1st Dep't 2006); New York Civil Practice Laws and Rules § 214(4) (McKinney 2003). Thus, we affirm the district court's dismissal of the unjust enrichment claim.

Finally, as we have vacated the district court's decision as to several of FTE's claims and remanded for further proceedings, we observe that the complaint, and the exhibits attached to it, raise the question of whether there are absent, required parties, pursuant to Federal Rule of Civil Procedure 19, and, if so, whether joinder of those parties is feasible. We requested supplemental briefing on this issue, noting that "[b]ecause Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue *sua sponte* even if it is not raised by the parties to the action." *MasterCard Int'l v. Visa Int'l Serv. Ass'n*, 471 F.3d 377, 382-83 (2d Cir. 2006). The SPI defendants also moved the district court to dismiss FTE's complaint on the grounds that FGUP or the Russian Federation is a required party, as the true owner of any rights that FTE claims to the American STOLICHNAYA trademarks, although they have not renewed those arguments on appeal.

After considering the parties' supplemental briefing on the issue, we are unable still to discern on the present record whether FGUP is a required party. FTE asserts that FGUP's claims to the American STOLICHNAYA marks (which it allegedly owned as the legal successor to VVO-SPI) were assigned to FTE, thus rendering FGUP disinterested to the outcome of this dispute. However, the document to which FTE cites as evidence of this transfer – a 2002 decree of the Russian government – appears to refer only to the *Russian* STOLICHNAYA trademark, not the *American* mark. Even according to FTE's own complaint, the Russian government issued this order *after* Russian courts determined that the Russian trademarks had been misappropriated and were lawfully the property of the state, further suggesting that the decree

5

was addressing the newly returned Russian trademarks, not the still-missing American ones.  The only clear reference to non-Russian trademarks comes later, in a January 2005 decree wherein the Russian government gives FTE the right to "represent the interests of the Russian Federation in the courts on matters of recovery and protection of the rights of the Russian Federation to the trademarks for alcoholic products abroad."  This language, on its face, does not appear to be an obvious transfer of ownership from FGUP to FTE, and, in any case, purports to expire on January 1, 2006.  Thus, we find that the record is insufficient for us to determine whether FGUP or the Russian Federation are necessary parties.  On remand, we leave it to the district court to determine, in the first instance, whether the required parties are before it.

## CONCLUSION

The judgment of the district court is hereby AFFIRMED with respect to FTE's fraud and unjust enrichment claims (claims 2, 3, and 9).  In the separately filed companion opinion, we VACATE the judgment of the district court with respect to the remaining claims and REMAND for further proceedings.  We also remand the joinder issue considered in this summary order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk