Bielsa v Gonzalez (2022 NY Slip Op 00118)





Bielsa v Gonzalez


2022 NY Slip Op 00118


Decided on January 11, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 11, 2022

Before: Gische, J.P., Kern, Friedman, Oing, Singh, JJ. 


Index No. 161558/19 Appeal No. 15038 Case No. 2021-01690 

[*1]Francisco Bielsa, Plaintiff-Appellant,
v
Maria Alejandra Kaufman Gonzalez et al., Defendants-Respondents, Luis Alejandro Kaufman Gonzalez, Defendant.


Law Offices of Nathan M. Ferst, New York (Nathan M. Ferst of counsel), for appellant.
Callari Partners LLC, New York (Russell D. Morris of counsel), for respondents.



Order, Supreme Court, New York County (Paul A. Goetz, J.), entered November 13, 2020, which granted defendants' motion to dismiss the complaint, unanimously affirmed, with costs.
The complaint failed to state a cause of action for fraud or aiding and abetting fraud. Plaintiff alleges that defendants, who are siblings, submitted conflicting tax documents regarding their father's assets, filing one set of documents with Venezuelan tax authorities and a different set with the New York State Surrogate's Court. Plaintiff also alleges that his ex-wife, defendant Maria Alejandra Kaufman Gonzalez, renounced her inheritance from her father in exchange for other assets from defendants' mother, disposed of those assets, and then never disclosed the fruits of that disposition to her husband, against whom she initiated divorce proceedings approximately six years later. Those allegations, however, are insufficient to support a fraud claim. The documentary evidence shows that defendants' mother, a nonparty, was actually the person who submitted the tax information to the Surrogate's Court; therefore, the alleged misrepresentations cannot be imputed to defendants. Moreover, the alleged misrepresentations were made not to plaintiff, but to third parties, thus preventing plaintiff from claiming reliance (see Escoett & Co. v Alexander & Alexander, Inc., 31 AD2d 791, 791 [1st Dept 1969]).
In addition, the documentary evidence conclusively establishes as a matter of law that Maria did not have a duty to disclose her inheritance or disposition of assets to plaintiff. Plaintiff and Maria's prenuptial agreement states that Maria was entitled to keep assets acquired through inheritance or "any other means," and could dispose of those assets without obtaining plaintiff's consent. As a result, plaintiff's fraud claim was properly dismissed, as was the claim against defendants Luis Alejandro Kaufman Gonzalez and Ivan Alexis Kaufman Gonzalez for aiding and abetting fraud.
Plaintiff has also not properly pleaded a breach of fiduciary duty claim, as he failed to allege the existence of a fiduciary relationship (see Castellotti v Free, 138 AD3d 198, 209-210 [1st Dept 2016]). In any event, as already noted, given the terms of the prenuptial agreement, it cannot be said that Maria engaged in misconduct by disposing of assets without first obtaining plaintiff's consent. Likewise, as the breach of fiduciary duty claim against Maria fails, causes of action against defendants Luis and Ivan for aiding and abetting breach of fiduciary duty claims were also properly dismissed (see Kassover v Prism Venture Partners, LLC, 53 AD3d 444, 449 [1st Dept 2008]).
Because none of the underlying claims can be sustained, Supreme Court correctly dismissed the punitive damages demands (see Rocanova v Equitable Life Assur. Socy. of U.S., 83 NY2d 603, 616 [1994]). Supreme Court also properly denied plaintiff's request to replead, as he failed to make any evidentiary showing that any of his proposed [*2]causes of action would have merit.
There is no contractual provision or statutory authority warranting an award of attorneys' fees incurred by plaintiff in the Venezuelan divorce proceedings.
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 11, 2022